## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**KENNETH HOLDEN,**

     **Plaintiff,**               **CIVIL ACTION NO. 14-CV-14877**

**vs.**                            **DISTRICT JUDGE AVERN COHN**

                                    **MAGISTRATE JUDGE MONA K. MAJZOUB**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

     **Defendant.**

_____/

### REPORT AND RECOMMENDATION

Plaintiff Kenneth Holden seeks judicial review of Defendant the Commissioner of Society Security's determination that he is not entitled to Social Security benefits for his physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 13) and Defendant's Motion for Summary Judgment (docket no. 16). Plaintiff filed a Response to Defendant's Motion. (Docket no. 17.) The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 5.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

**I.      Recommendation**

The undersigned recommends that Plaintiff's Motion for Summary Judgment (docket no. 13) be GRANTED and that Defendant's Motion for Summary Judgment (docket no. 16) be DENIED. This matter should be remanded for further consideration as discussed herein.

## II.     Procedural History

Plaintiff initially filed applications for Disability Insurance Benefits and Supplemental Security Income on April 3, 2012, alleging that he had been disabled since May 25, 2010, due to back pain, knee pain, cardiovascular problems, and depression.  (*See* TR 13, 16.)  Plaintiff filed an earlier application for benefits, which was denied in a decision dated May 24, 2010.[1]  (TR 73-85.)  The Social Security Administration denied benefits.  (*See* TR 157.)  Plaintiff requested a *de novo* hearing, which was held on June 28, 2013, before Administrative Law Judge (ALJ) Michael R. Dunn, who subsequently found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy.  (TR 13-22.)  The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced this action for judicial review.   The parties then filed their instant Motions.

## III.    Plaintiff's Testimony, Medical Evidence, and Vocational Expert Testimony

Plaintiff (docket no. 13 at 4-6), Defendant (docket no. 16 at 4-10), and the ALJ (TR 18-20) each set out a detailed factual recitation with regard to Plaintiff's medical record, Plaintiff's hearing testimony, and the VE's testimony.   Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies between these recitations of the record.   Therefore, the undersigned will incorporate the ALJ's factual recitation by reference.   Additionally, the undersigned will include comments and citations as necessary throughout this Report and Recommendation.

## IV.    Administrative Law Judge's Determination

_____

[1] There appears to be some discrepancy in the record with regard to the date of the prior decision as the ALJ indicates that the decision was dated April 18, 2012.   (*See* TR 13.)   The April 18, 2012 date is also reflected in the Transcript Index.   (*See* docket no. 11-3 at 1.)   The correct date for the decision, however, is May 24, 2010.   (TR 73-85.)

The ALJ found that Plaintiff met the insured status requirements of the act through December 31, 2010; that he had not engaged in substantial gainful activity since May 25, 2010, his alleged onset date; and that he suffered from severe "chronic low back pain; degenerative joint disease right knee; alcoholic cardiomyopathy, well compensated; hypertension; chronic obstructive pulmonary disorder [COPD]; polysubstance abuse in reported recent remission; and depressive disorder."  (TR 16.)   The ALJ then found that his impairments did not meet or equal those listed in the Listing of Impairments.  (TR 16-17.)

Next, The ALJ found that Plaintiff's allegations regarding the extent of his symptoms were not wholly credible and that Plaintiff could perform light work with the following additional limitations:

> [T]he claimant must avoid climbing ladders, ropes, or scaffolds but can occasionally climb ramps/stairs, balance, stoop, crouch, and kneel.  The claimant must avoid crawling but can occasionally engage in overhead reaching and handling.  The work must be free of concentrated exposure to extreme cold or extreme heat, excessive vibrations, and environmental irritants such as fumes, odors, dusts, and gases, as well as concentrated exposure to poorly ventilated areas, moving machinery, and unprotected heights.  The claimant requires low-stress work with only occasional decision-making, occasional changes in the work setting, and occasional interaction with the public.

(TR 18-20.) The ALJ then determined, in reliance on the VE's testimony, that Plaintiff was capable of performing work as an office helper, assembler, or inspector.  (TR 21-22.)   Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act from May, 25, 2010, through the date of his decision.   (TR 22.)

## V.      Law and Analysis

### A.      Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's

3

final decisions.   Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.   *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).   Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"   *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.   It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.   *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.   *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).   If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.   *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

### B.      Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis.   In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f).   If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work.   If not, Plaintiff would be deemed disabled.   *See id.* at § 404.1520(g).   The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391.   To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987).   This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'"   *Id.* (citations omitted).

**C.     Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)."   *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)).   Under a sentence-four remand, the Court has the authority to "enter upon the

pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of

the [Commissioner], with or without remanding the cause for a hearing.   42 U.S.C. § 405(g).

Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and

a sentence-four remand for further consideration."   *Morgan v. Astrue*, 10-207, 2011 WL

2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).   Plaintiff argues that this

matter should be reversed or remanded because the ALJ failed to properly apply to doctrine of res

judicata to the May 24, 2010 findings of the prior ALJ; (2) the ALJ failed to properly credit the

opinions of Plaintiff's treating physician, Dr. Ammar Kanaan; and (3) the ALJ improperly

considered Plaintiff's alcoholism as a "contributing factor" to his disability without conducting an

alcoholism-addiction analysis.   (Docket no. 13.)

### 1.        The ALJ's Application of the Res Judicata Doctrine

In *Drummond v. Comm'r of Soc. Sec.*, the Sixth Circuit held that social-security claimants

and the Commissioner are barred by principles of res judicata from relitigating issues that have

previously been determined.   126 F.3d 837 (6th Cir. 1997).   The Commissioner is bound by the

principles of res judicata unless there is new and material evidence of changed circumstances.   *Id.*

at 842; SSAR 98-4(6).   But the Commissioner may not offer proof of just any change in

circumstance; rather, for the Commissioner to successfully argue that the effects of res judicata do

not apply, there must be proof showing that the claimant's condition has improved.   *McClain v.

Comm'r*, No. 12-11172, 2013 WL 5182089, at *9 (E.D. Mich. Sept. 13, 2013).   Thus, without

evidence of improvement, a prior disability determination is binding on an ALJ in a subsequent

proceeding.   *Drummond*, 126 F.3d at 842-43 ("It is apparent that substantial evidence was not

introduced that [the claimant's] condition improved significantly between the two hearing dates.

6

As a result, we conclude that the second ALJ was bound by the determination that [the claimant] retained the RFC for sedentary work.").   Additionally, where a claimant who has previously been adjudicated "not disabled" seeks to avoid application of res judicata, he must provide proof that his condition has worsened since the date of the prior decision to such a degree that he is no longer capable of engaging in substantial gainful activity.  *See Vesey v. Comm'r*, No. 11-10967, 2012 WL 4475657, at *10 (E.D. Mich. Aug. 6, 2012).

On May 24, 2010, Plaintiff was found "not disabled" by ALJ John Rabaut, who determined that Plaintiff suffered from severe dilated cardiomyopathy and depression with polysubstance abuse of alcohol and crack cocaine.  (TR 78.)  He further found that Plaintiff had the RFC to perform sedentary work with the following additional limitations:

> [T]he claimant can lift or carry up to 10 pounds frequently and up to 10 pounds occasionally (from very little, up to 1/3 or (sic) an 8-hour workday); the claimant can stand and/or walk (with normal breaks) for a total of 2 hours in an 8-hour workday; the claimant can sit (with normal breaks) for a total of 6 hours in an 8-hour workday; the claimant should never climb ladders, ropes or scaffolds; the claimant can occasionally climb ramps or stairs; balance; stoop, crouch, kneel but not crawl; the claimant can occasionally engage in overhead reaching and handling; the claimant should avoid concentrated exposure to either extreme cold or extreme heat; avoid concentrated exposure to excessive vibrations; avoid concentrated exposure to environmental irritants such as fumes, odors, dusts, and gases; avoid concentrated exposure to poorly ventilated areas; avoid concentrated exposure to moving machinery; and avoid all exposure to unprotected heights; the claimant requires low stress jobs having only occasional decision making and changes in the work setting; and only occasional interaction with the public.

(TR 80.)  Thus, ALJ Dunn was bound by this determination unless he found new and material evidence to show an improvement in claimant's condition.   Plaintiff argues that ALJ Dunn erred in finding that he was capable of performing light work instead of sedentary work because he summarily dismissed Dr. Kanaan's May 2013 opinion (more on this below) and because he ignored evidence "well into the middle of 2013, consistently show[ing] worsening conditions,

including congestive heart failure; chronic obstructive pulmonary disease; and knee, back and neck pain." (Docket no. 13 at 8-9 (citing TR 361-68, 416-17, 436-38, 441-46, 451-52, 496-97).) Defendant argues that the ALJ did not err because "as the ALJ explained . . . , Plaintiff's 'cardiac condition appears to have significantly improved.'"[2] (Docket no. 16 at 15 (citing TR 19).)

Noting his responsibility under *Drummond*, ALJ Dunn found that "the medical record shows a change in the claimant's condition since the prior decision and the substantial evidence of record supports [his] residual functional capacity [finding]." (TR 19.) The ALJ supports this assertion by pointing to a June 15, 2012 consultative examination and further noting that in February 2009, Plaintiff's echocardiogram showed an ejection fraction of 55%, while an April 2010 echocardiogram showed an improved ejection fraction of 55% to 60%. (*Id.*) The ALJ also noted that Plaintiff's cardiomyopathy was "well compensated," and as Defendant notes, Dr. Kanaan "characterized Plaintiff's condition as 'stable.'" (TR 19; docket no. 16 at 15.)

While the ALJ did not mischaracterize any of Plaintiff's medical records, the undersigned agrees with Plaintiff that the evidence cited to by the ALJ is not substantial evidence of an improvement in Plaintiff's condition. To the extent that Plaintiff's cardiomyopathy and his congestive heart failure are characterized as distinct conditions, this is a distinction without substantial difference, as both conditions affect Plaintiff's heart's ability to pump blood efficiently and result in exertional limitations. Moreover, though, the ALJ's citation to an improved ejection fraction from 55% to 55%-60% is inapposite for two reasons: (1) the improvement is marginal, at

---

[2] As Defendant correctly notes, to the extent Plaintiff's argument relies on his *overall* condition, including his diagnoses of chronic low back pain, degenerative joint disease in his right knee, or COPD, ALJ Rabaut did not consider these conditions as they have developed since the time of his decision. Thus, ALJ Dunn did not err in failing to consider a prior determination related to these impairments, and his findings related thereto are not in question.

best; and (2) the second echocardiogram took place in April 2010, *before* ALJ Dunn's decision. Further, the ALJ's reliance on Plaintiff's "well compensated" cardiomyopathy and Defendant's reliance on his "stable" conditions are unpersuasive.   The record on which the ALJ relies is from February 2009.   And while Defendant is correct that Plaintiff's condition was "stable," Plaintiff points out that the form on which Dr. Kanaan articulated this finding allowed for three choices: improving; stable; and deteriorating.   (TR 417.)   Dr. Kanaan's choice to mark "stable" over "improving" is contrary to the ALJ's finding that Plaintiff's condition had improved since 2010. Therefore, this matter should be remanded for further consideration of Plaintiff's residual functional capacity in light of ALJ Dunn's prior determination.[3]

### 2.     Dr. Kanaan's Opinion

In connection with his assertion regarding the ALJ's res judicata application, Plaintiff contends that the ALJ failed to properly credit the opinion of his treating physician, Dr. Kanaan. (Docket no. 13 at 9.)   The ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and it is not inconsistent with the other substantial evidence in the record.    20 C.F.R. § 404.1527(c)(2).   But it is equally well settled that the ultimate issue of disability is reserved to the Commissioner and not the treating or examining physician.   *Kidd v. Comm'r*, 283 Fed. Appx. 336, 341 (6th Cir. 2008).   Thus, when a medical or non-medical source offers an opinion on "an issue reserved to the Commissioner, such

---

[3] Notably, the undersigned does not recommend reversing the ALJ's disability determination.   The ALJ's failure to support his determination that Plaintiff's condition has improved with substantial evidence does not equate to a finding that Plaintiff's condition has not improved.   Moreover, as Defendant notes, even if the ALJ determines that Plaintiff is limited to sedentary work, a disability determination would turn on the ALJ's finding with regard to Plaintiff's transferable job skills, and the ALJ has not yet addressed this issue.   (*See* docket no. 16 at 14 n.4.)

as whether the claimant is disabled, the ALJ need not accord that opinion controlling weight." *Id.* (citing *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007)).   The opinion of an examining source is generally accorded more weight than is the opinion of a source who did not examine the claimant.   20 C.F.R. § 404.1527(c)(1).   The opinion of a state agency medical or psychological consultant is reviewed in the same manner as is the opinion of a nonexamining physician or psychologist.   20 C.F.R. §404.1527(e).

Additionally, the Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion."   20 C.F.R. § 404.1527(c)(2).   Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."   *Wilson v. Comm'r*, 378 F.3d 541, 544 (6th Cir. 2004) (citing Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *5 (1996)).   If the opinion of a treating source is not afforded controlling weight, an ALJ must apply certain factors in determining what weight to give the opinion, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source.   *Wilson*, 378 F.3d at 544 (citation omitted). Even then, a finding that a treating-source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to controlling weight, not that the opinion should be rejected.   Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *4.   Notably, though, "it is not the Court's job to conduct a *de novo* review of the

evidence or to rubber stamp the ALJ's decision. The Court must ensure both that the ALJ applied the correct legal standard and that his decision is supported by substantial evidence.   *See Christephore v. Commissioner of Social Sec.*, No. 11-13547, 2012 WL 2274328, *6 (E.D. Mich. June 18, 2012) (Roberts, J.)

Nevertheless, the Sixth Circuit has upheld the decision of an ALJ which gave less than controlling weight to a treating physician without specifically analyzing the factors set forth in 20 C.F.R. § 404.1527(c) where the ALJ provided "good reason" for the decision.   *See Infantado v. Astrue*, 263 Fed.Appx. 469, 473-74 (6th Cir. 2008).   There is no per se rule that requires an articulation of each of the six regulatory factors listed in 20 C.F.R. § 404.1527(c)(2)-(6).   *Norris v. Comm'r*, No. 11-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r*, 394 Fed. Appx. 216, 222 (6th Cir. 2010)).   Moreover, an ALJ's failure to discuss the factors of § 1527(c)(2)-(6) may constitute harmless error (1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the Commissioner has met the goal of [Section 1527(c)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Nelson v. Comm'r*, 195 Fed. Appx. 462, 470 (6th Cir. 2006) (citing *Wilson v. Comm'r*, 378 F.3d 541, 547 (6th Cir. 2004)).

Here, the ALJ considered Dr. Kanaan's opinion in light of his assessments in August 2012 and May 2013:

> As for the opinion evidence, a medical report dated August 2012 by Anmar Kanaan, M.D., the claimant's treating physician, indicated that the claimant was medically "stable" and was able to meet his needs in the home.  Dr. Kanaan reported that the claimant had some swelling and tenderness in the back but all

other systems were normal, including normal respiratory, abdominal, neurological and mental systems. In a *Medical Source Statement* dated May 2013, however, Dr. Kanaan indicated that the claimant is able to perform less than sedentary work exertion with the ability to lift/carry less than 10 pounds at all times, stand/walk for less than 2 hours in an 8-hour workday, never perform any postural activities, and avoid temperature extremes, dust, vibration, humidity/wetness, hazards, and pulmonary irritants.

These two opinions contradict each other and are not reconciled by the claimant's treatment record between the dates that both opinions were made. In fact, a progress note sharing the same dates as the *Medical Source Statement* indicates that the claimant presented for a regular check-up and to have his disability paperwork completed. Physical examination was normal and was inconsistent with the limitations described by Dr. Kanaan in the *Medical Source Statement*. Accordingly, Dr. Kanaan's functional assessment that the claimant is able to perform less than sedentary work is given little weight.

(TR 20.) A review of the records to which the ALJ cites does not reveal any readily apparent "contradiction." In August 2012, Dr. Kanaan diagnosed Plaintiff with congestive heart failure and dilated cardiomyopathy, noting that Plaintiff's condition was "stable."[4] (TR 416-17.) Likewise, and contrary to the ALJ's finding that Plaintiff's physical examination was "normal," in May 2013, Dr. Kanaan diagnosed Plaintiff with dilated cardiomyopathy and COPD, also noting that Plaintiff presented with "dizziness when he bends down." (TR 451-52.) Particularly where the ALJ failed to consider the factors set forth in C.F.R. § 404.1527(c), these unsupported findings do not provide substantial evidence to uphold the ALJ's determination.

Moreover, though, the ALJ gives "little weight" to Dr. Kanaan's opinion and "no weight" to the state agency's physical assessment without considering any other medical opinions. (TR 19.) Thus, it is unclear on what opinion the ALJ did rely. It is well settled that "ALJs must not succumb to the temptation to play doctor and make their own independent medical

_____

[4] As discussed, *supra*, Dr. Kanaan's deliberate decision not to mark Plaintiff's condition as "improving" leads to the logical assumption that Plaintiff's condition had not (in Dr. Kanaan's opinion) improved from prior visits.

findings." *Simpson v. Comm'r of Soc. Sec.*, 344 App'x 181, 194 (6th Cir. 2009) (quotation omitted). So while the ALJ may have considered other evidence in reaching his determination that Plaintiff can perform light work, his findings are unclear. This matter should be remanded for further consideration of Dr. Kanaan's opinion and further determination of Plaintiff's RFC.

### 3.    Plaintiff's Alcoholism

Plaintiff also argues that the ALJ improperly found that his alcoholism contributed to his disability without conducting a proper analysis. Under 42 U.S.C. § 423 (d)(2)(C) and 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1) an ALJ is required to make a determination about whether alcoholism or drug addiction is a contributing factor material to a disability determination. 42 U.S.C. § 423(d)(2)(C) provides that "[a]n individual shall not be considered to be disabled for purposes of this [subchapter] if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." See also 20 C.R.F. §§ 404.1535(a), 416.935(a). The regulations provide that "[t]he key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol." 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1). As Defendant notes:

> The DAA analysis only applies if an ALJ *finds that a claimant is disabled* and that there is evidence of drug addiction or alcoholism. 20 C.F.R. §§ 404.1535, 416.935. In that instance, the ALJ must determine whether the substance abuse is material to the disability determination, *i.e.*, whether the claimant would still be disabled if they stopped using drugs or alcohol. *Id.* ("If we determine that your remaining limitations would not be disabling [if you stopped using drugs or alcohol], we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability."). If the ALJ finds that substance abuse is "material" to the finding of disability, the claimant must avail himself of appropriate treatment in order to receive benefits. *Id.* §§ 404.1536, 416.936.

(Docket no. 16 at 22.) Thus, Defendant contends, because the ALJ did not find that Plaintiff was

disabled, no DAA analysis was necessary.   Further, Defendant asserts, the ALJ only referenced

Plaintiff's alcoholism in connection with his finding that the state examining physician's diagnosis

of schizophrenia was invalid because the physician was "not privy to claimant's substance abuse,"

which does not require a DAA analysis.   (TR 21.)

A review of the ALJ's decision does not support Defendant's arguments.   The ALJ

discussed Plaintiff's alcoholism as follows:

> . . . Other treatment records show that alcohol use *was a contributing factor to the
> claimant's cardiac impairment* and the record also showed that the claimant was
> instructed by his treating physician to quit smoking and drinking alcohol
> completely but subsequent progress notes revealed continued use despite these
> instructions.   At the hearing, the claimant admitted to recent substance abuse but
> the record shows that he denied such use to treating doctors and mental health
> professionals, including the consultative examiner.   Accordingly, the claimant's
> diagnosis of schizophrenia is invalid since the examining physician was not privy
> to claimant's substance use.   The claimant's continued substance use also explains
> his severe agitation, as demonstrated at the consultative examination.
>
> . . . . The record supports the claimant's alleged impairments but progress notes
> shows that the claimant's symptoms improved with treatment and he has not
> continue (sic) to require treatment of an ongoing, consistent, or invasive nature.
> Further, the *claimant's impairments all appear to be aggravated by his substance
> abuse*, which is in reported remission.

(TR 21 (emphasis added).)   Moreover, the ALJ found at Step 2 that Plaintiff suffered from

"alcoholic cardiomyopathy."   (TR 16.)   Defendant is correct that the ALJ referred to Plaintiff's

substance use when declining to adopt the consultative examiner's diagnosis and that such a

finding was not inappropriate.   But the ALJ's findings that Plaintiff's alcohol use was "a

contributing factor" to his cardiac impairment and that Plaintiff's impairments "all appear to be

aggravated by his substance abuse" imply that the ALJ conducted a DAA analysis without

articulating it in his decision.   Therefore, it is unclear whether the ALJ would have found Plaintiff

disabled had his alcoholism not been a contributing factor.   This matter should be remanded for

14

further discussion of this issue by the ALJ.

**VI.    Conclusion**

For the reasons stated herein, Plaintiff's Motion for Summary Judgment (docket no. 13) should be GRANTED, and Defendant's Motion for Summary Judgment (docket no. 16) should be DENIED.   This matter should be remanded for further consideration as discussed herein.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).   Failure to file specific objections constitutes a waiver of any further right of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.   *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.   The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.   The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated:   October 6, 2015          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served on counsel of record on this date.

Dated:   October 6, 2015          s/ Lisa C. Bartlett
                                  Case Manager

16